TERREE A. BOWERS (SBN 089334)
WENDY McGUIRE COATS (SBN 240674)
HOWREY LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071
Telephone: (213) 892-1800
Facsimile: (213) 892-2300
Email: bowerst@howrey.com
Email: coatsw@howrey.com

Attorneys for Defendant
TERRY CHRISTENSEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>ANTHONY PELLICANO,<br>MARK ARNESON,<br>RAYFORD EARL TURNER,<br>KEVIN KACHIKIAN,<br>ABNER NICHERIE,<br>DANIEL NICHERIE, and<br>TERRY CHRISTENSEN,<br>Defendants. | Case No. CR 05-1046(C)-DSF<br>**DEFENDANT TERRY CHRISTENSEN'S NOTICE OF MOTION AND MOTION SEEKING AN ORDER DIRECTING THE GOVERNMENT PROVIDE NOTICE OF *EX PARTE* SUBMISSIONS**<br>**The Honorable Dale S. Fischer**<br>Hearing Date: TBD<br>Time: TBD |

Terry Christensen, by and through his attorney of record, Terree A. Bowers, hereby moves this Court to order the government to provide notice to all parties when it files or otherwise presents items to the Court *ex parte.*

DATED: February 1, 2007

Respectfully submitted,
HOWREY LLP
TERREE A. BOWERS

By: /s/ Terree A. Bowers
TERREE A. BOWERS
Attorneys for Defendant
TERRY CHRISTENSEN

HOWREY LLP

DEFENDANT TERRY CHRISTENSEN'S NOTICE OF MOTION AND MOTION SEEKING AN ORDER DIRECTING THE GOVERNMENT PROVIDE NOTICE OF *EX PARTE* SUBMISSIONS

DM_US:20208481_1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

At the status conference before this Court on January 22, 2007, Mr. Christensen learned for the first time that the prosecutors in this case were in possession of unredacted versions of FBI 302's regarding witnesses the San Diego U.S. Attorney's Office had interviewed about violations of this Court's Protective Order. Mr. Christensen is only in possession of a single redacted FBI 302 from the leak investigation. Because the government is an equal, if not more likely, suspect in the leak investigation, it is perplexing why the prosecutors are in possession of unredacted versions of investigative interview reports. As a potential source of the leak and violator of this Court's Protective Order, it raises questions of propriety for the prosecutors to be in such close contact with AUSA Robert Ciaffa. Providing the prosecutors with documents not provided to all parties undermines the independence of the investigation to discover the leak and could even compromise the investigation itself.

Also for the first time on January 22, 2007, Mr. Christensen learned that the prosecutors in this case provided the Court with unredacted versions of the FBI 302's without providing the defendants with any notice of the *ex parte* submission. No record appears on the Court's docket of an *ex parte* filing giving notice to defendants that the government was presenting evidence to this Court *ex parte* and *in camera*. Without such notice, Mr. Christensen is denied his due process right to challenge such *ex parte* communications and, in the alternative, to seek his own copies of the unredacted FBI 302's. This type of *ex parte* submission is highly disfavored by the courts and contrary to this Court's local rules and procedures.

As such, Mr. Christensen requests this Court issue an Order requiring the government to provide Mr. Christensen and all defendants with notice whenever it

HOWREY LLP

DEFENDANT TERRY CHRISTENSEN'S NOTICE OF MOTION AND MOTION SEEKING AN ORDER DIRECTING THE GOVERNMENT PROVIDE NOTICE OF *EX PARTE* SUBMISSIONS

DM_US:20208481_1

submits anything or communicates with this Court *ex parte*. Mr. Christensen also seeks an order directing the government to give notice to the defendants of all previous, non-noticed *ex parte* communications with the Court since the unsealing of the Third Superseding Indictment.

**II. *Ex Parte* submissions are highly disfavored.**

**A. Central District of California - Local Rules**

The Central District of California's Local Rules prescribes procedures for approaching the courts of this district *ex parte*. Specifically, the rules address notice to all parties and waiver of the notice requirement by the Court.

> ***L.R. 7-19.1 Notice of Application***. It shall be the duty of the attorney so applying (a) to make a good faith effort to advise counsel for all other parties, if known, of the date, time and substance of the proposed *ex parte* application and (b) to advise the Court in writing of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application or has requested to be present when the application is presented to the Court.

> ***L.R. 7-19.2 Waiver of Notice***. If the judge to whom the application is made finds that the interest of justice requires that the *ex parte* application be heard without notice (which in the instance of a TRO means that the requisite showing under F.R.Civ.P. 65(b) has been made), the judge may waive the notice requirement of L.R. 7-19.1.

The defendants in this case did not receive notice of the government's *ex parte* submission to this Court of unredacted FBI 302's from the leak investigation. Consequently, the government failed to comply with L.R. 7-19.1. A review of the Court's docket in this case does not reveal whether this Court waived the notice requirement pursuant to L.R. 7-19.2. Mr. Christensen posits that this Court was likely

HOWREY LLP

DEFENDANT TERRY CHRISTENSEN'S NOTICE OF MOTION AND MOTION SEEKING AN ORDER DIRECTING THE GOVERNMENT PROVIDE NOTICE OF *EX PARTE* SUBMISSIONS

DM_US:20208481_1

not approached to waive the notice requirement, because the filing of FBI 302's in all likelihood would not satisfy the requirements of L.R. 7-19.2 that "justice requires" the filing of the reports *ex parte* without notice to the criminal defendants. It is quite troubling to learn that the government has been using an undisclosed *ex parte* approach to communicate with this Court. If there are other instances of similar *ex parte* communications, the Court should order the government to disclose their prior contacts.

**B. This Court's FAQs About Judge's Procedures & Schedule**

The government has failed to comply with this Court's own Local Rules. This Court's website of FAQs about Judge's Procedures and Schedule includes the following section addressing *ex parte* applications specifically:

> *Ex parte* applications are solely for extraordinary relief and are rarely granted. See Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995). Applications must be filed in the clerk's office. Applications that fail to conform to Local Rule 7-19 and 7-19.1, including a statement of opposing counsel's position, will not be considered. In addition to the requirements of Local Rules 7-19 and 7-19.1, the moving party shall serve the opposing party by facsimile transmission or personal service and shall notify the opposition that opposing papers must be filed no later than twenty-four hours (or one court day) following such facsimile or personal service.

Judge Rymer in In re Intermagnetics America, Inc., 101 Bankr. 191 (C.D. Cal. 1989) (cited in Mission Power), outlined the threat *ex parte* proceedings pose to our adversary legal system. "By allowing both sides to have their say, the adversary system promotes accuracy, fairness, and consistency -- the hallmarks of our system of justice. . . . But, when one side proceeds *ex parte*, the risk of such dangers inevitably is

HOWREY LLP

DEFENDANT TERRY CHRISTENSEN'S NOTICE OF MOTION AND MOTION SEEKING AN ORDER DIRECTING THE GOVERNMENT PROVIDE NOTICE OF *EX PARTE* SUBMISSIONS

DM_US:20208481_1

compounded." Id. at 192. Judge Rymer also noted that *ex parte* communication raise ethical problems for the attorneys and the courts. "Few would dispute that, as a rule, parties to a case should not communicate with the court except by notice to the other side. Likewise, it is common practice that, when the court enters an order, all parties are served simultaneously. When this system breaks down -- when one party initiates *ex parte* contact, when each party does not know precisely what the other parties know, when the court does not know whether all parties have been informed about a particular matter -- the court inevitably is inundated with additional *ex parte* communications, generally from one of the opposing parties. And, somewhere along the line, ethical problems are bound to arise -- just as surely as if one of the parties were to walk into chambers with a personal request, or if the court were to call up one of the parties to ask about its theory of the case." Id. at 192-93.

This motion raises the same concerns as articulated by Judge Rymer. The government's submission to the Court of unredacted FBI 302 reports from the leak investigation is a classic example of how other parties have been left out of the loop regarding one party's contacts and communications with the Court. By its very nature, such contact can be problematic.

On the morning of the status conference, the prosecutor had exclusive knowledge of communication with the Court to which all other parties had been excluded. The defendants did not even know that the contacts had been made with the Court. Such private communication with the Court puts the defendants at a disadvantage in that they could not adequately address issues which the Court had already considered, unbeknownst to the defendants.

## V. CONCLUSION

For the foregoing reasons, Mr. Christensen seeks an Order from this Court directing the government to comply with the rules governing *ex parte* communications with the Court and provide notice regarding any *ex parte* submissions. Mr. Christensen

HOWREY LLP

DEFENDANT TERRY CHRISTENSEN'S NOTICE OF MOTION AND MOTION SEEKING AN ORDER DIRECTING THE GOVERNMENT PROVIDE NOTICE OF *EX PARTE* SUBMISSIONS

DM_US:20208481_1

also respectfully requests this Court order the government to give notice to the defendants of all previous, non-noticed *ex parte* communications with the Court, since the unsealing of the Third Superseding Indictment.

DATED: February 1, 2007

Respectfully submitted,

HOWREY LLP
TERREE A. BOWERS

By: ____/s/ Terree A. Bowers______
TERREE A. BOWERS
Attorneys for Defendant
TERRY CHRISTENSEN

HOWREY LLP

DEFENDANT TERRY CHRISTENSEN'S NOTICE OF MOTION AND MOTION SEEKING AN ORDER DIRECTING THE GOVERNMENT PROVIDE NOTICE OF *EX PARTE* SUBMISSIONS

DM_US:20208481_1

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss.:
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 550 South Hope Street, Suite 1100, Los Angeles, California 90071.

On February 1, 2007, I served on the interested parties in said action the within:

**DEFENDANT TERRY CHRISTENSEN'S NOTICE OF MOTION AND MOTION SEEKING AN ORDER DIRECTING THE GOVERNMENT PROVIDE NOTICE OF *EX PARTE* SUBMISSIONS**

by placing a true copy thereof in a sealed envelope(s) addressed as stated on the attached mailing list and causing such envelope(s) to be deposited in the U.S. Mail at Los Angeles, California.

☒ (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ (EXPRESS MAIL) I am readily familiar with this firm's practice for collection and processing of Express Mail to be sent by the United States Postal Service. Under that practice, the Express Mail would be deposited on that same day in the ordinary course of business in a post office, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service or receipt of Express Mail.

☐ (PERSONAL SERVICE) I caused each such envelope to be delivered by hand to the offices of each interested party.

☐ (FACSIMILE) I caused the foregoing document to be served by facsimile transmission to each interested party at the facsimile machine telephone number shown as stated on the attached mailing list.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on February 1, 2007, at Los Angeles, California.

| Yvonne A. Kubicek | /s/ Yvonne A. Kubicek |
|---|---|
| (Type or print name) | (Signature) |

HOWREY LLP

DEFENDANT TERRY CHRISTENSEN'S NOTICE OF MOTION AND MOTION SEEKING AN ORDER DIRECTING THE GOVERNMENT PROVIDE NOTICE OF *EX PARTE* SUBMISSIONS

DM_US:20208481_1

SERVICE LIST

| | |
|---|---|
| Daniel Saunders<br>Kevin M. Lally<br>Assistant United States Attorneys<br>United States Attorney's Office<br>1500 United States Courthouse<br>312 North Spring Street<br>Los Angeles, CA 90012<br>Fax: (213) 894-3713 | Counsel for UNITED STATES OF AMERICA |
| Steven F. Gruel, Esq.<br>Law Office of Steven F. Gruel<br>655 Montgomery Street, Suite 1700<br>San Francisco, CA 94111<br>Fax: (415) 576-1442 | Counsel for ANTHONY PELLICANO |
| Michael Artan<br>Law Offices of Michael H. Artan<br>624 South Grand Avenue, Suite 2200<br>Los Angeles, California 90017 | Counsel for ANTHONY PELLICANO |
| Stephen D. Miller, Esq.<br>Law Offices of Stephen D. Miller P.C.<br>360 North Bedford Drive, Suite 204<br>Beverly Hills, CA 90210-5157<br>Fax: (310) 247-8588 | Counsel for MARK ARNESON |
| Chad Hummel, Esq.<br>Manatt, Phelps & Phillips<br>11355 West Olympic Boulevard<br>Los Angeles, CA 90064<br>Fax: (310) 914-5736 | Counsel for MARK ARNESON |
| Mona C. Soo Hoo, Esq.<br>Law Offices of Mona C. Soo Hoo<br>One Wilshire Building<br>624 South Grand Avenue, 22nd Floor<br>Los Angeles, CA 90017-3323<br>Fax: (213) 623-3836 | Counsel for RAYFORD EARL TURNER |
| David Elder, Esq.<br>Law Offices of David Elder<br>428 Main Street, Suite 201<br>Huntington Beach, CA 92648<br>Fax: (714) 960-9887 | Counsel for KEVIN KACHIKIAN |
| Lawrence J. Semenza, Esq.<br>1681 East Flamingo Road, Suite 3<br>Las Vegas, NV 89119<br>Fax: (702) 263-3539 | Counsel for ABNER NICHERIE |

HOWREY LLP

DEFENDANT TERRY CHRISTENSEN'S NOTICE OF MOTION AND MOTION SEEKING AN ORDER DIRECTING THE GOVERNMENT PROVIDE NOTICE OF *EX PARTE* SUBMISSIONS

DM_US:20208481_1

DANIEL E. NICHERIE
Register No. 60587-079
Metropolitan Detention Center – Los Angeles
Post Office Box 1500
535 North Alameda Street
Los Angeles, CA 90012
Fax: (213) 253-9510

HOWREY LLP

DEFENDANT TERRY CHRISTENSEN'S NOTICE OF MOTION AND MOTION SEEKING AN ORDER DIRECTING THE GOVERNMENT PROVIDE NOTICE OF *EX PARTE* SUBMISSIONS

DM_US:20208481_1