TERREE A. BOWERS (SBN 089334)
MARY CARTER ANDRUES (SBN 138486)
HOWREY LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071
Telephone: (213) 892-1800
Facsimile: (213) 892-2300
Email: bowerst@howrey.com
Email: andruesm@howrey.com

PATRICIA L. GLASER (SBN 055668)
CHRISTENSEN, GLASER, FINK, JACOBS,
WEIL & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920
Email: pglaser@chrisglase.com

Attorneys for Defendant
TERRY CHRISTENSEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ANTHONY PELLICANO,<br>MARK ARNESON,<br>RAYFORD EARL TURNER,<br>KEVIN KACHIKIAN,<br>ABNER NICHERIE, and<br>TERRY CHRISTENSEN,<br><br>　　　　Defendants. | Case No. CR No. 05-1046(E)-DSF<br><br>**ORDER RE CONTINUANCE OF TRIAL DATE AND EXCLUDABLE TIME UNDER SPEEDY TRIAL ACT**<br><br>**The Honorable Dale S. Fisher**<br>**Courtroom 840**<br><br>Trial Date: TBD |

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED:

　　　　1.　　On February 19, 2008, the Court granted defendant Terry Christensen's Motion for Severance of Counts 106 and 107 Under the Federal Rules of Criminal Procedure 8(b) and 14(a), finding that "in a trial of all defendants, the evidence that is irrelevant to the counts naming Christensen is likely to exceed the relevant."

**[PROPOSED] ORDER RE CONTINUANCE OF TRIAL DATE AND EXCLUDABLE TIME UNDER SPEEDY TRIAL ACT**

1        2.      At the hearing on February 19, 2008, defendant Terry Christensen
2  agreed to waive his right to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161,
3  and agreed that the trial as against him only on Counts 106 and 107 of the Fifth
4  Superseding Indictment shall commence after the conclusion of the trial against the
5  remaining defendants, presently scheduled to commence on March 5, 2008.  (referred to
6  herein as the "severed trial').
7        3.      The parties have stipulated and agreed that the trial date for Mr.
8  Christensen's severed trial shall commence no sooner than 30 days and no later than 45
9  days after the conclusion of the trial against the remaining defendants.
10        4.      The parties have agreed to contact the Court after a verdict is reached
11  in the trial against the remaining defendants to schedule a status conference, at which
12  time a specific date and time for the commencement of the severed trial shall be set,
13  with the date for the severed trial to commence no sooner than 30 days and no later than
14  45 days after a verdict is reached as to all of the defendants, in the trial against the
15  remaining defendants.
16        5.      The parties agreed and stipulated that the time period between the
17  previously set trial date of March 5, 2008 and the date for the commencement of the
18  severed trial, which will be set no later than 45 days after a verdict is reached in the
19  trial of the remaining defendants, is excludable under the terms of the Speedy Trial Act,
20  18 U.S.C. §§ 3161(h)(1)(F) and 3161(h)(8)(A), in that the ends of justice served by the
21  continuance outweigh the best interests of the public and Mr. Christensen in a speedy
22  trial within the meaning of  18 U.S.C. §§ 3161(h)(1)(F) and 3161(h)(8)(A) because of
23  the following:
24        a.      The time period from the filing of Mr. Christensen's Motion
25  for Severance of Counts 106 and 107 Under the Federal Rules of Criminal Procedure
26  8(b) and 14(a), on  May 7, 2007, and the Court's Order granting Mr. Christensen's
27  Motion, on February 19, 2008, is excludable under 18 U.S.C. § 3161(h)(1)(F), as a
28

-2-
**[PROPOSED] ORDER RE CONTINUANCE OF TRIAL DATE AND EXCLUDABLE TIME UNDER SPEEDY TRIAL ACT**

delay resulting from the filing of a pretrial motion through the conclusion of the hearing and disposition of the motion;

   b. A continuance is required based on the severance of Mr. Christensen from the trial of the remaining defendants based on the Court's finding that the evidence that is irrelevant to the counts naming Mr. Christensen is likely to exceed the relevant;

   c. A continuance is required to allow Mr. Christensen and his counsel an adequate opportunity to prepare for the severed trial;

   d. A continuance is required to permit continuity of government counsel for the trial against the remaining defendants and the severed trial against Mr. Christensen; and

   e. A continuance of at least 30 days, but no more than 45 days after a verdict is reached as to all of the defendants, in the trial against the remaining defendants, is required to mitigate prejudice to either of the parties that may result from the disposition of the case against the remaining defendants at trial.

  6. Nothing in this order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional periods are excludable.

  IT IS SO ORDERED.

DATED: February 25, 2008

             *Dale S. Fischer*
             HONORABLE DALE S. FISCHER
             United States District Court Judge